IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| TIFFANY PIZZI | : | CIVIL ACTION |
|---|---|---|
| | : | |
| v. | : | No. 18-440 |
| | : | |
| ANDREW SAUL,[1] | : | |
| *COMMISSIONER OF SOCIAL* | : | |
| *SECURITY* | : | |

**ORDER**

AND NOW, this 8th day of July, 2019, upon consideration of Plaintiff Tiffany Pizzi's Motion for Summary Judgment, and Defendant Andrew Saul, Commissioner of Social Security's response thereto, and after careful review of the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski, Pizzi's objections, and the Commissioner's response to Pizzi's objections, it is ORDERED:

1. Pizzi's objections to the Report and Recommendation (Document 13) are OVERRULED;[2]

---

[1] Andrew Saul became the Commissioner of Social Security on June 17, 2019. Pursuant to Federal Rule of Civil Procedure 25(d), Saul is substituted for Nancy A. Berryhill as the Defendant in this case.

[2] Plaintiff Tiffany Pizzi seeks review of the denial of her application for Supplemental Security Income by the Commissioner of Social Security. In a decision issued on June 29, 2016, an Administrative Law Judge (ALJ) concluded Pizzi was not disabled after applying the Social Security Administration's five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. The ALJ first found Pizzi had not engaged in substantial gainful employment since March 27, 2014, the application date. Second, he determined Pizzi had the following severe impairments: degenerative disc disease-lumbar spine, depression, and anxiety. Third, the ALJ found Pizzi's impairments did not equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Fourth, subject to certain restrictions, the ALJ concluded Pizzi had the residual functional capacity (RFC) to perform sedentary work as defined in 20 C.F.R. 416.967(a). Finally, despite these restrictions, the ALJ determined jobs exist in significant numbers in the national economy that Pizzi could perform.

In her Request for Review, Pizzi argues the ALJ's decision is not supported by substantial evidence because he (1) failed to properly consider all of the medical opinions contained in the

2. The Report and Recommendation (Document 12) is APPROVED and ADOPTED;

3. Pizzi's Motion for Summary Judgment (Document 9) is DENIED; and

---

record; (2) failed to consider all of Pizzi's impairments when formulating her RFC; and (3) failed to properly consider all of Pizzi's impairments in combination when determining if her conditions qualified as a listed impairment. On March 25, 2019, United States Magistrate Judge Lynne A. Sitarski issued a Report and Recommendation (R&R) addressing these alleged errors, concluding the ALJ's decision was supported by substantial evidence and recommending the Commissioner's denial of benefits be affirmed.

On April 10, 2019, Pizzi filed objections to the R&R reasserting the arguments she made in her Request for Review. Specifically, Pizzi argues the ALJ (1) "fail[ed] to properly consider all of the medical opinions contained in the record," Objs. 1; (2) "fail[ed] to properly consider all of Ms. Pizzi's impairments," *id.* at 5; and (3) "fail[ed] to properly consider all of Ms. Pizzi's impairments in combination," *id.* at 7. Pursuant to 28 U.S.C. § 636(b)(1), this Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made."

Upon de novo review of the record, and in light of the fact that Judge Sitarski has already considered and addressed the arguments set forth in her objections, Pizzi's objections are overruled for the reasons stated in the R&R. The Court will nevertheless briefly address Pizzi's argument that the ALJ failed to consider all of her impairments when determining her RFC.

Pizzi asserts the ALJ failed to consider joint pain she suffered after she resumed taking Tamoxifen to complete its recommended ten-year treatment course—a drug she had previously taken for five years to treat her breast cancer, which was in remission. Specifically, Pizzi asserts the ALJ improperly required her to present objective evidence of the pain she suffered from taking Tamoxifen. However, Pizzi's argument is misguided as the ALJ did not require objective evidence of pain. Rather, the ALJ compared the treatment notes from David Mintzer, M.D., from January 11, 2013, and March 7, 2014, indicating Pizzi's physical examinations were within normal limits and she was "overall doing well," Administrative Record 29, 317-22, with Pizzi's testimony at the March 30, 2016, hearing where she testified that she experiences pain in her "whole back," "down her buttocks," and down her "left leg," *id.* at 57. The ALJ acknowledged that Pizzi's impairments could cause the alleged symptoms, including joint pain, but chose to credit Dr. Mintzer's findings, noting Pizzi's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with . . . the record." *Id.* at 28. The ALJ's decision to credit Dr. Mintzer's findings over Pizzi's testimony was not an error and his decision is therefore supported by substantial evidence. *See Garribay v. Comm'r of Soc. Sec.*, 336 F. App'x 152, 156 (3d. Cir. 2009) (finding an ALJ's decision was supported by substantial evidence where he compared medical treatment notes with the plaintiff's subjective complaints of disabling pain and chose to credit the objective evidence).

Accordingly, the Court finds the ALJ's decision was supported by substantial evidence, Pizzi's objections to the R&R are overruled, and the R&R is approved and adopted.

4. Judgment is entered in favor of the Commissioner by separate order, filed contemporaneously.

The Clerk of Court is directed to mark this case CLOSED.

BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.